UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

    v.

TODD SELMA,

       Defendant.

_____/

Case No. 14-20673

Hon. George Caram Steeh

ORDER DENYING MOTION FOR RELIEF
PURSUANT TO RULE 60(b)(6) (ECF NO. 76)

Proceeding pro se, Defendant Todd Selma challenges the calculation of his sentence and seeks relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). Specifically, he alleges that the Bureau of Prisons has not given him credit for time served in federal custody.

Selma is serving a 71-month sentence for possessing a firearm as a convicted felon. At the time the judgment was entered on October 1, 2015, Selma was serving an undischarged state sentence. The judgment provides that Selma's "sentence shall be imposed partially concurrent with his undischarged term of imprisonment with the Michigan Department of Corrections . . . . This sentence shall begin on September 15, 2017, or on the date the defendant is paroled from the Michigan Department of

-1-

Corrections; whichever date comes first." ECF No. 67. Selma did not appeal his sentence. *See* ECF No. 68, 73.

Selma was discharged from his state sentence on June 10, 2018, and was transferred to a federal facility. His current anticipated release date is January 11, 2022.  Selma contends that time he spent in federal custody in connection with his appearances before this court should count toward discharging his federal sentence. Selma was in the custody of the U.S. Marshal from November 11 to November 18, 2014, and March 15, 2015, to June 27, 2016. The government states that this time was credited toward his state sentence and that Selma may not receive "double credit." *See Broadwater v. Sanders*, 59 Fed. Appx. 112, 113 (6th Cir. 2003) ("Because Broadwater received credit toward his state sentence for the time period in question, he may not receive credit for this time toward his current federal sentence.").

To the extent Selma is disputing the Bureau of Prisons' calculation of his credit for time served, his challenge is properly brought pursuant to 28 U.S.C. § 2241, rather than Rule 60(b). *See United States v. Singh*, 52 Fed. Appx, 711, 712 (6th Cir. 2002) (construing motion challenging calculation of sentencing credit as "a 28 U.S.C. § 2241 petition for a writ of habeas corpus because he requests relief from the execution of a federal

sentence"). The BOP, not the court, has the authority to determine if a defendant is eligible for credit for time served in detention prior to sentencing. *See United States v. Wilson*, 503 U.S. 329, 335 (1992); *United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992) ("[A] district court does not have jurisdiction to apply credit against a sentence under section 3585(b)."). The court may review the BOP's determination, but only after the defendant has exhausted his administrative remedies. *Wilson*, 503 U.S. at 335; *Westmoreland*, 974 F.2d at 737.

Because Selma has not alleged that he has exhausted his administrative remedies through the BOP, the court lacks jurisdiction to consider his challenge to the sentencing credit he has received. *Singh*, 52 Fed. Appx. at 712 ("Complete exhaustion of administrative remedies is a prerequisite to seeking review of the BOP's calculation of sentencing credit."); *United States v. Chase*, 104 Fed. Appx. 561, 562 (6th Cir. 2004).

In addition, to the extent that Selma relies upon Rule 60(b)(6) because he seeks to amend the judgment to reduce his sentence, the court lacks authority to grant such relief. *See* 18 U.S.C. § 3582(c) (as a general rule, a district court "may not modify a term of imprisonment once it has been imposed").

Therefore, IT IS HEREBY ORDERED that Selma's motion (ECF No. 76) is DENIED.

Dated: November 17, 2020

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 17, 2020, by electronic and/or ordinary mail and also on Todd Selma #50582-039, FTC Oklahoma City, Federal Transfer Center, P.O. Box 898801, Oklahoma City, OK  73189.

s/Brianna Sauve
Deputy Clerk